Matter of Purser (2021 NY Slip Op 03518)





Matter of Purser


2021 NY Slip Op 03518


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

PM-75-21
[*1]In the Matter of Edward R. Purser, an Attorney. (Attorney Registration No. 2015485.)

Calendar Date:May 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
David S. Hartnett, Cortland, for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1963
and resides in the City of Cortland, Cortland County, where he
maintains an office for the practice of law. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has recently commenced multiple investigations into allegations of professional misconduct by respondent. In conjunction with those investigations, AGC now alleges that respondent has failed to sufficiently cooperate with its requests for information and has additionally posited that respondent has been incapacitated from the practice of law due to his deteriorating health. As a consequence, AGC now moves to suspend respondent from the practice of law on an interim basis pending the completion of its investigations or, alternatively, to immediately suspend respondent owing to his incapacity (see Rules for Attorney Disciplinary [22 NYCRR] §§ 1240.9 [a] [3]; 1240.14 [b]; Rules of App Div, 3d Dept [22 NYCRR] §§ 806.9, 806.14 [a]). Additionally, AGC requests that the Court appoint "an attorney to take possession of respondent's files, examine the files, advise the clients to secure another attorney or take any other action necessary to protect the clients' interests" (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.21; Rules of App Div, 3d Dept [22 NYCRR] § 806.21). By affirmation of counsel, respondent has generally consented to the relief requested by AGC.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b) authorizes AGC to "apply to the Court for a determination that [a] respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders the respondent incapacitated from practicing law." Despite having no obligation to support its application with medical evidence (see Matter of Nagel, 161 AD3d 95, 98 [2018]), AGC has submitted a letter from respondent's physician opining that respondent is no longer capable of practicing law due to his overall health. Moreover, respondent has confirmed his deteriorating health through his counsel's correspondence with AGC and has consented to the relief sought by AGC on this motion. Having considered the totality of the circumstances before us, we find that respondent is incapacitated from practicing law and should be suspended indefinitely. Accordingly, we grant that part of AGC's motion seeking respondent's suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b), and suspend respondent from the practice of law, effective immediately (see Matter of Hall, 171 AD3d 1446, 1448 [2019]; see also Matter of Cantrell, 176 AD3d 38, 39 [2019]). However, due to the nature of the alleged misconduct underlying AGC's investigations, as well as the potential impact of those investigations upon the interests of respondent's clientele, we have further determined that a stay of those investigations is unwarranted and decline [*2]to do so in an exercise of our discretion. Finally, having determined that respondent is incapacitated from practicing law, we find that the appointment of a custodian to protect respondent's clients' interests is necessary (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.21). We therefore appoint the Cortland County Bar Association as limited custodian of respondent's client files to take the appropriate actions pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21 (see Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]). The remaining relief sought by AGC in its motion is otherwise denied.
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of
law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.17); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that the Cortland County Bar Association is hereby appointed limited custodian of the client files of respondent for the purpose of taking possession and examining such files and taking such action as deemed proper and advisable to protect the interests of respondent's clients, including, where necessary, the release of the files to respondent's clients upon appropriate request of the client and/or the client's new counsel; and it is further
ORDERED that the Cortland County Bar Association shall comply with the provisions of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21 (c); and it is further
ORDERED that, if necessary, the Cortland County Bar Association may apply to the Court for appropriate instructions regarding the proper discharge of its duties as limited custodian; and it is further
ORDERED that, upon application of the Cortland County Bar Association, the Court may determine and award compensation and costs incurred in [*3]connection with this order; and it is further
ORDERED that, within 45 days of the entry date of this order, the Cortland County Bar Association shall submit a status report to this Court setting forth all actions taken pursuant to the authority set forth in this order, which shall include the name and address of each client and the disposition of each client's file.